IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2010 Session

**ELMWOOD APARTMENTS v. JESSICA WOODSON, ET AL.**

Appeal from the Circuit Court for Maury County
No. 2009-CV-13112     Stella L. Hargrove, Judge

No. M2010-00968-COA-R3-CV - Filed April 19, 2011

This appeal arises out of a detainer action originally filed in general sessions court in which landlord of apartment was awarded possession of leased premises. Tenants filed a petition for writs of certiorari and supersedeas for de novo review to the circuit court, accompanied by an affidavit of indigency; the writs were issued. Landlord subsequently sought dismissal of both writs on several grounds. The court granted the motion, finding that the writ of supersedeas was improperly granted and, as a consequence, review by certiorari was not available as a substitute for appeal. Finding that the court erred in considering grounds for dismissal which were added by landlord within five days of the hearing on the motion, we reverse the judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Joshua A. Decker, Columbia, Tennessee, for the appellant, Jessica Woodson.

No appearance for appellee, Elmwood Apartments.

**OPINION**

Jessica Woodson and David Tucker ("Defendants") were tenants of the Elmwood Apartments ("Plaintiff"), an apartment complex in Mount Pleasant, Tennessee. On April 9, 2009, plaintiff notified defendants by letter that it intended to terminate their lease effective April 30. As grounds for the eviction, plaintiff wrote that several complaints from other tenants had been filed about noise and fighting at defendants' apartment, and that police had been called to the apartment on several occasions. Plaintiff asserted that such action

constituted material non-compliance with a provision in the lease that required tenants "not to create loud noises so as to disturb others, or to harass any other tenant's [sic] or management or owner of said complex."

Defendants did not vacate the apartment, and on May 4 plaintiff filed a detainer action in Maury County General Sessions Court seeking possession of the property, court costs, and litigation taxes. A trial was held, and the court entered a judgment on October 7 that awarded plaintiff possession of the apartment.

Defendants sought review of the general sessions court judgment and, on October 20, filed a petition for writs of certiorari and supersedeas in Maury County Circuit Court, along with a Uniform Civil Affidavit of Indigency and an oath attesting that, due to their poverty, they were unable to prepay the costs of the proceeding.[1] That same day, the court issued a fiat allowing defendants to file their petition *in forma pauperis*,[2] ordering the clerk to issue both writs, and staying execution of the general sessions court's judgment pending further order of the circuit court.

On November 18, plaintiff filed a motion to dismiss the writs, asserting that the petition for certiorari and supersedeas failed to set out adequate grounds for their issuance. Plaintiff contended that defendants "had a remedy at law—an appeal to this Court," and they had not timely appealed the judgment of the general sessions court; consequently, because

---

[1] The oath and affidavit were filed pursuant to Tenn. Code Ann. § 20-12-127 and Tenn. Sup. Ct. R. 29. In 1995, the requirements for filing a lawsuit *in forma pauperis* were modified by the Tennessee Legislature, which amended Tenn. Code Ann. § 20-12-127 to allow "any civil action" to be commenced "without giving security as required by law for costs and without the payment of litigation taxes" by filing an oath of poverty, as set forth in the statute, and by filing an accompanying affidavit of indigency "as prescribed by court rule." 1995 Tennessee Laws Pub. Ch. 242 (S.B. 276). On December 29, 1995, the Tennessee Supreme Court adopted Tenn. Sup. Ct. R. 29, which rule appends a Uniform Civil Affidavit of Indigency and provides that the affidavit is to be used in civil cases filed in accordance with Tenn. Code Ann. § 20-12-127.

[2] The court permitted Woodson and Tucker to file their appeal without prepayment of litigation tax and did not require them to post bond or give security for rent that would accumulate. Instead, Woodson and Tucker were required to pay rent as it accumulated each month or "if Elmwood Apartments prefers not to accept rent, the monthly rent will be paid into an escrow account in the office of the Defendants' attorney while this appeal is pending."

defendants had not alleged any reason that prevented them from filing an appeal, review by certiorari was not available to them. The motion gave notice of hearing for December 14.[3]

On December 17, Defendants filed an "Answer," setting forth their defenses to the detainer action and denying that plaintiff was entitled to possession of the apartment. They also filed a motion for summary judgment, supported by a statement of material facts and the affidavit of Mr. Tucker; a hearing on the motion for summary judgment was scheduled for January 22, 2010. At the January 22 hearing plaintiff asked the court to also consider its motion to dismiss; the court set a hearing on both motions for Monday, February 1. On January 26, defendants filed a response in opposition to the motion, in which they asserted that writs of certiorari and supersedeas were the only way they could obtain a de novo review while maintaining possession of their home during the proceeding—a procedure they argued was proper based on Tennessee law. On January 28, plaintiff's counsel sent a memorandum of law in support of the motion to dismiss to defendants' counsel.

At the February 1 hearing, plaintiff asserted three grounds for dismissal: (1) defendants improperly used the writs of certiorari and supersedeas to bring the case before the circuit court for de novo review; (2) defendants did not provide adequate notice to plaintiff of the petition for writ of supersedeas *in forma pauperis*; and (3) the circuit court did not have authority to grant the writ of supersedeas *in forma pauperis*. The first ground had been stated in the motion filed on November 18, 2009; the second ground was first asserted in the memorandum in support of the motion which had been served on defense counsel on January 28, 2010; the third ground was first raised during the February 1 hearing. Defendants objected to the court's consideration of the second and third grounds, asserting that, because plaintiff did not comply with Tenn. R. Civ. P. 6.04 and 22nd Jud. Cir. R. 26.01 and 26.03,[4] those grounds were not properly before the court. Defendants further asserted that they were deprived of the right to file a written response to the memorandum sent to their counsel on January 28 because a snowstorm the next day prevented their attorney from going to work.

The court overruled defendants' objections and granted the motion to dismiss. The court held that defendants did not comply with Tenn. Code Ann. § 27-8-113(b), which permits a writ of supersedeas to be issued on a pauper's oath "only on notice to the adverse party of the application." The court concluded that "Defendant[s'] faxing of the application

---

[3] The motion was not heard on December 14 due to a scheduling conflict of defendants' counsel.

[4] This case arose out of Maury County, which is in the 22nd judicial district; accordingly, the local rules of court for the 22nd judicial district apply. 22nd Jud. Cir. R. 1.03.

to Plaintiff's counsel, whose office is in a different city from the Courthouse, on the same morning as they were appearing before the Court to obtain the writ cannot be considered adequate notice for due process purposes," and held that the writ of supersedeas was improperly issued. The court held further that a writ of certiorari not accompanied by a valid supersedeas could only be utilized as a substitute for appeal where the appeal was prevented by circumstance beyond the control of the petitioner. Finding that defendants asserted no such circumstances in their petition, the court also dismissed the writ of certiorari. Because the motion to dismiss was granted, the court did not rule on defendants' motion for summary judgment.

Ms. Woodson appeals the judgment to this court and raises three issues: (1) whether the trial court erred in considering plaintiff's objection to the writ of supersedeas *in forma pauperis* on grounds of insufficient notice; (2) whether the circuit court erred in its legal conclusion that defendants did not give sufficient notice to plaintiff of her petition for writ of supersedeas on a pauper's oath; and (3) whether the circuit court erred by dismissing the Petition and Fiat without any motion or evidence that defendants were not paupers. Plaintiff did not file a brief on appeal or appear at oral argument.

## ANALYSIS

Defendants contend that the trial court erred in considering the ground for dismissal first raised in the memorandum served on their counsel on January 28 in support of the motion to dismiss. Relying on Tenn. R. Civ. P. 6.04 and 22nd Jud. Cir. R. 26.01, defendants contend that plaintiff was required to serve the memorandum not later than five days before the time specified for the hearing. In the alternative, they assert that 22nd Jud. Cir. R. 26.03 required notice of the additional ground at least 48 hours in advance of the hearing.

Tenn. R. Civ. P. 6.04(1) provides that, unless heard ex parte or otherwise provided in the rules or order of the court, a written motion "shall" be served, along with notice of the hearing, not later that five days before the motion is expected to be heard. Similarly, 22nd Jud. Cir. R. 26.01 requires that pre-trial motions "which can be dispositive of one or more issues on the merits must be filed with notice as provided by [Tenn. R. Civ. P.] a minimum of five (5) court days before the scheduled hearing for said motions." 22nd Jud. Cir. R. 26.03 requires that "[e]very motion which may require the resolution of an issue of law and every motion in which legal authority is relied upon shall be accompanied by a memorandum of law and facts in support thereof." Thus, the applicable rules require that motions set forth the grounds for the relief sought, that they be accompanied by a memorandum, and that the motion and memorandum be filed at least five days before the hearing on the motion.

-4-

While plaintiff was free to assert additional grounds in support of dismissal, defendants should have been afforded the opportunity to respond to the additional grounds. Proper notice of the additional grounds in support of dismissal was to be given by amending the motion, thereby bringing it into compliance with Tenn. R. Civ. P. 7.02.[5] To keep the hearing date of Monday, February 1, therefore, and in compliance with Tenn. R. Civ. P. 6.04 and 22nd Jud. Cir. R. 26.01, the amendment to plaintiff's motion should have been filed no later than Monday, January 25, *see* Tenn. R. Civ. P. 6.01, thereby allowing defendants to file a timely response in accordance with local rule 26.02.[6]

The record does not show why the court disregarded the objection of defendants to the court's consideration of the ground first asserted in the memorandum, i.e., that defendants did not provide adequate notice to plaintiff of their petition for writ of supersedeas *in forma pauperis*. Inasmuch as this was the issue upon which the court ultimately decided the case, the failure of the court to afford defendants the opportunity to frame a response to the motion to dismiss in accordance with and in reliance upon the applicable rules of procedure was prejudicial error and deprived them of the protection of those rules.[7]

Our resolution of this issue pretermits consideration of the other issues presented.

---

[5] Tenn. R. Civ. P. 7.02(1) provides:

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

[6] Local Rule 26.02 provides:

Responses to motions, including counter-affidavits, depositions, briefs, or any other matters being presented in opposition to motions must be filed and served no later than forty-eight (48) hours (excluding weekends and holidays) in advance of the hearing on the motion.

[7] Although the defendants do not specifically assign error in this regard, to the extent the trial court considered the third ground of the motion to dismiss, which was first raised in the course of the hearing on the motion, our analysis is also applicable to the court's consideration of the third ground.

## CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court for Maury County is REVERSED; the case is REMANDED for reconsideration of the motion to dismiss. In the court's reconsideration, Ms. Woodson should be afforded an opportunity to respond to the additional grounds asserted by plaintiff to support dismissal of the case.[8]

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
RICHARD H. DINKINS, JUDGE

---

[8] The record does not show that the court considered the ground originally asserted in support of the motion and we do not preclude the court from considering the ground on remand.